ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAY 1 8 2001

| | | |
|---|---|---|
| ALYSSA WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CA No. 3:99-CV-2522-D |
| | § | |
| BLYTHE NELSON, et al. | § | |
| | § | |
| Defendants | § | |
| | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF EXPEDITED MOTION
TO STRIKE UNTIMELY DESIGNATION AND DISCLOSURE
OF EXPERT WITNESSES AND FOR SANCTIONS**

## SUMMARY OF THE ARGUMENT

This action was filed on May 18, 2001. This Honorable Court entered its Scheduling Order on or about December 15, 1999. (Defendants' Appendix ("Def. App.") at 1-3.) The Order required designation of and Rule 26(a)(2) disclosures of expert witnesses no later than August 1, 2000 for the party with the burden of proof. For rebuttal experts, the deadline was October 1, 2000. By Order of December 8, 2000, certain deadlines set in the Scheduling Order were extended. (Def. App. at 4-5.) However, the time for designation and Rule 26(a)(2) disclosure of experts was not extended in that Order.

Plaintiff's deposition was taken on February 12, 2001. (Def. App. at 6-7.) In her deposition she admitted contacting a psychologist or psychiatrist, but on instruction of her counsel, she refused to identify the name of the person or disclose the content of any conversation. (Def. App. at 8-13.) The basis of her counsel's instruction was that the identity of the person and the conversation were

DEFENDANTS' BRIEF IN SUPPORT OF EXPEDITED MOTION TO STRIKE UNTIMELY
DESIGNATION AND DISCLOSURE OF EXPERT WITNESSES AND FOR SANCTIONS　　Page 1

113

privileged under the consulting expert rule. (Def. App. at 12.) At the same deposition, for the first time, Plaintiff's counsel provided Defendants with a calculation of what was represented to be front pay damages. (Def. App. at 16-29.) The document did not provide the name of the author other than Plaintiff's law firm. Plaintiff herself admitted she had never seen the document before. (Def. App. at 14.) The only representation from Plaintiff's counsel was that the document was a calculation of front pay damages. (Def. App. at 15.)

On May 4, 2001, Plaintiff, for the first time, delivered to Defendants a designation of expert witnesses, namely Elizabeth Schrupp CPA, Katherine DiFrancesca, Ph.D. and Michael K. Hurst, Esq. (Def. App. at 30.) Along with such disclosures, for the first time, were 184 pages of documents including expert reports of the above named individuals (Def. App. at 34 and 38.) In summary, no designation of any individual purporting to provide expert testimony was disclosed prior to May 4, 2001. The only document provided prior thereto was an unauthored front pay calculation which the Plaintiff could not identify.

## ARGUMENT AND AUTHORITIES

This Court's Scheduling Order, pursuant to Fed. R. Civ. P. 16(b), and the mandates of Rule 26(a) of the Federal Rules of Civil Procedure, require the striking of Plaintiff's designation and disclosure of expert witnesses as untimely and the entry of an Order prohibiting them from testifying at trial. Plaintiff's tactics are a classic attempt to hide her expert designations in order to sandbag the Defendants and create a trial by ambush. The parties have been aware of this Court's Scheduling Order for more than 15 months and Plaintiff has sought no prior relief from, nor extension of, the expert designation deadline. To permit these witnesses to express expert opinions creates obvious and extreme prejudice to Defendants. It is virtually impossible to properly develop rebuttal expert

testimony or prepare *Daubert*[1] challenges at this late date. Moreover, Defendants should not be put to such time consuming efforts or extra expense because of Plaintiff's and/or her counsel's failure to abide by this Court's deadlines because of either their gross negligence or intentional acts of non-disclosure. Plaintiff and/or her counsel should also be sanctioned as a result of requiring Defendants to divert their resources from complying with the numerous pre-trial duties imposed upon counsel and, instead, be forced to prepare and file this Motion.

The case of *Reliance Insurance Company v. Louisiana Land & Exploration Company* 110 F.3d 253 (5th Cir. 1997) dealt with the district court's denial of a late supplementation of an expert's report. Unlike the matter before this Court, the expert had been timely designated but supplementation was sought out of time to cure omissions that arose when the expert was deposed. The Fifth Circuit held that good cause had not been shown to allow the supplementation because of a lack of explanation for not timely supplementing and prejudice to Defendants. The facts before this Court are clearly more egregious. Thirty-one days from trial, nine months past the deadline to designate, and without seeking relief from the Court's Scheduling Order with any explanation why Plaintiff could not comply, Plaintiff, for the first time, designates experts. Such conduct clearly should not be countenanced and should be sanctioned, pursuant to Fed. R. Civ. P. 16 and 37 and the Court's inherent powers. As the court pointed out in *Reliance*, "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." 110 F.3d at 258, citing *Turnage v. General Electric Co.* 953 F.2d. 206, 208-09 (5th Cir. 1992).

Finally, in instances when this Court has been confronted with scheduling order deviation requests based upon "good cause" pursuant to Fed. R. Civ. P. 16b, the Court has taken a conservative approach, holding that "good cause" for extending scheduling order deadlines is not met by a

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

showing of mere inadvertence and non-prejudice to the opposing party; rather "good cause" is demonstrated only by showing, despite diligence, the movant could not have met the scheduling deadline. *McCombs v. Allwaste Recovery Systems Inc.*,1999 WL 102816 (N.D. Tex. 1999). *See also American Tourmaline Fields v. International Paper Company*, 1999 WL 637224 (N.D. Tex. 1999). From the outset of this case, Plaintiff has pled emotional injuries and economic damages including future lost wages. Both of these topics are the subject matter of her expert's opinions respectively. There is no new issue that has risen that could not have been complied with within the Scheduling Order deadlines. As importantly, Plaintiff, in the late designation of her experts, does not even attempt to comply with the "good cause" exception to Rule 16b, but rather, in defiance of the Federal Rules and this Court's orders, boldly served Defendants with her expert disclosures on May 4, 2001 as if leave from the Court were not even an issue.

## AVAILABILITY OF SANCTIONS

The Court is broadly empowered to sanction Plaintiff and/or her counsel for their woefully belated expert designation and disclosure and their brazen conduct in doing so without first seeking the Court's permission to do so. In evaluating its options, the Court should keep in mind that Plaintiff's counsel could have sought leave to make such designation much earlier -- albeit still after the ordered deadline and still with resulting prejudice to Defendants -- since Plaintiff had contacted the expert psychologist, received a report from the expert economist and retained the expert on attorneys' fees, as early as her February 12, 2001 deposition. The Court need not search very far for an answer as to why the Plaintiff and her counsel waited, then, until 31 days before trial to make their expert designations and disclosures, as opposed to making them before or at least shortly after that deposition. Obviously, the timing of the disclosure was designed to prejudice Defendants.

This type of discovery abuse is sanctionable under Fed. R. Civ. P. 16 and 37. *See e.g., Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F. 3d 546, 573 (5th Cir. 1996) (affirming district court's striking of expert designations and excluding them from testifying as sanction for violating court's discovery order by failing to provide complete and substantial information). Under the criteria set forth in *Sierra Club*, sanctions against Plaintiff and her counsel are clearly warranted based on the failure of Plaintiff and her counsel to timely designate and disclose, to seek relief from the deadlines in place, to have any legitimate basis for not seeking leave to designate prior to May 4, as well as the extreme prejudice to Defendants.

Instructive on this point is *Rushing v. Kansas City Southern Ry. Co.*, 185 F. 3d 496, 508 (5th Cir. 1999) affirming the striking of untimely designated experts, which was attempted without leave of court. The Fifth Circuit succinctly held that " a party who ignores any case-management deadline does so at its own peril. See Fed. R. Civ. P. 16(f) (authorizing sanctions under Fed. R. Civ. P. 37(b)(2) for noncompliance)." *Id.* The court found that sanctions were justified in view of the prejudice to the other side (such as the lack of time to research the witness, review the material and conduct measures to respond to same) and the importance of enforcing rules and scheduling orders, despite the value that the experts would have added for the party designating them. *Id.* at 509.[2]

Further, "The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'." *Woodson v. Surgitek, Inc.*, 57 F. 3d 1406, 1417 (5th Cir. 1995) (affirming district court's dismissal of case as a sanction), quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389 (1962). This power includes the

---

[2] The *Rushing* court also held that while a continuance might ameliorate the prejudice, "prejudice is not a strict requirement" for sanctions and "a continuance would have failed to sanction" the offending party. *Id.*, citing *Sierra Club*, 73 F. 3d at 573 (continuance "would neither punish [the offender] nor deter similar behavior"); *Chilcutt v. United States*, 4 F. 3d 1313, 1424 U.30 (5th Cir. 1993) (goal of sanctioning is to punish infracting party and deter similar behavior).

authority to sanction a party's failure to obey court orders. *Woodson*, 57 F. 3d at 1417, citing *In re: United Markets Int'l, Inc.*, 24 F. 3d 650, 654 (5th Cir. 1994), *cert. denied*, 513 U.S. 496, 115 S. Ct. 356 (1994). Although "a court should ordinarily rely on the Federal Rules as the basis for sanctions," a court may instead issue sanctions pursuant to its inherent power when circumstances so dictate. *Woodson*, 57 F. 3d at 1418, citing *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410 (5th Cir. 1993), *cert. denied*, 510 U.S. 1073, 114 S. Ct. 882 (1994) (citations omitted), and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51, 111 S. Ct. 2123, 2136 (1991).

## CONCLUSION

Therefore, as sanctions in accordance with Fed. R. Civ. P. 16 and 37 and the Court's inherent powers, this Court should enter an order striking Plaintiff's expert designations, including that they not be permitted to testify at the trial of cause; awarding reasonable attorneys' fees and costs to Defendants for their preparation and presentation of this Motion; barring admission of evidence based on or contained in the experts' reports (including the economist's damages calculations); prohibiting Plaintiff and her attorneys from engaging in similar tactics; and such other and further orders as it deems fit.

Respectfully submitted,

*[signature]*

BURLESON PATE & GIBSON, L.L.P.
John Agnew
Texas State Bar No. 00933000
Rebecca A. Singer
Texas State Bar No. 18342398
2414 Akard Street, Suite 700
Dallas, Texas 75201
214/871-4900
214/871-7543 Fax

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel, via hand delivery to opposing counsel, and via certified mail, return receipt requested, to Co-Defendants' counsel on this  18th  day of May, 2001.

*[signature]*
Rebecca A. Singer