GODWIN WHITE & GRUBER, P.C.
Michael K. Hurst, Esq.
State Bar No. 10316310
Mary A. Goodrich, Esq.
State Bar No. 24002694
901 Main Street, Suite 2500
Dallas, Texas 75202
Telephone - (214) 939-4400
Facsimile - (214) 760-7332
ATTORNEYS FOR PLAINTIFF,
ALYSSA WRIGHT



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 7 2001

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ALYSSA WRIGHT | § | Civil Action No. 3-99cv2522-D |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BLYTHE-NELSON, et al | § | |
| | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' EXPEDITED MOTION TO STRIKE UNTIMELY DESIGNATION AND DISCLOSURE OF EXPERT WITNESSES AND FOR SANCTIONS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE SIDNEY FITZWATER:

NOW COMES, Alyssa Wright, Plaintiff in the above-entitled and numbered cause of action,

files this her response to Defendants' Expedited Motion to Strike Untimely Designation and

Disclosure of Expert Witnesses and for Sanctions, and would respectfully show the Court as follows:

PLAINTIFF'S RESPONSE TO DEFENDANTS' EXPEDITED
MOTION TO STRIKE UNTIMELY DESIGNATION AND DISCLOSURE
OF EXPERT WITNESSES AND FOR SANCTIONS AND BRIEF IN SUPPORT - Page 1
S:\buslit\11127\0002\PLDG\res-expedited-m-strike.wpd

119

I.

1.1     On December 15, 1999, the Court issued a Scheduling Order for this lawsuit requiring Plaintiff to designate expert witnesses and otherwise comply with Rule 26(a)(2) no later than August 1, 2000. Def. App. p. 1.

1.2     On December 11, 2000, Godwin White & Gruber, P.C. was substituted as counsel for Plaintiff.

1.3     On January 11, 2001, the parties agreed to extend discovery past the discovery deadlines previously set forth including depositions and written discovery. Pl. App. pp. 1-2.

1.4     On February 12, 2001, Plaintiff forwarded a settlement demand to the Defendant's counsel of record, John Agnew. Pl. App. pp. 3-18. The offer of settlement was based upon an economic analysis performed by Elizabeth Schrupp, a draft report of which was attached to the offer. Pl. App. pp. 5-18.

1.5     On February 12, 2001, Defendant took Plaintiff's deposition wherein Defendants expressly asked Plaintiff whether she had sought any psychological or other type of counseling or treatment. Pl. App. pp. 19-23. At that time, counsel for Plaintiff informed counsel for Defendant that Plaintiff was talking with a licensed psychologist or psychiatrist but that individual was a consulting expert pending completion of her evaluation of Plaintiff. Pl. App. pp. 19-23.

1.6     Also at Plaintiff's deposition on February 12, 2001, Plaintiff produced to Defendant a copy of Plaintiff's fee agreement with Godwin White & Gruber, P.C. Pl. App. pp. 25-27.

1.7     On May 4, 2001, Plaintiff supplemented her disclosure designating, disclosing and otherwise complying with Federal Rule of Civil Procedure 26(b) by providing expert witness

information and reports with regard to Elizabeth Schrupp, Katherine DiFrancesca and Michael K. Hurst. Pl. App. pp. 28-66.

1.8    On May 11, 2001, Michael Hurst, Counsel for Plaintiff, offered Defendants the opportunity to depose any of Plaintiff's designated experts prior to trial. Pl. App. p. 67. That offer is still outstanding and, to date, Counsel for Plaintiff has received no response from Defendants.

1.9    In late May, 2001, immediately prior to the date trial was scheduled, Defendant's counsel offered to enter into an agreement that the issue of attorney's fees would be submitted to the Court for determination.

1.10    On June 5, 2001, the Court reset trial in this matter for November 13, 2001.

## II.

2.1    In their motion, Defendants have put forth a conspiracy theory as to Plaintiff's late designation of her experts. The fact of the matter is that there were no "tactics" at play and this was not a "classic attempt to hide her expert designations in order to sandbag the Defendants and create a trial by ambush." Def. Brief p. 2. As exciting as that sounds, Defendants are giving Plaintiff too much credit as being devious. The truth of the matter is that Defendants were aware of the existence of the experts as early as February, 2001, and in the case of Katherine DiFrancesca, Plaintiff was not in a position to designate her as an expert until Dr. DiFrancesca had the opportunity to analyze and evaluate the Plaintiff and prepare a report regarding her findings. Such report was produced to Defendants promptly after receipt.

2.2    Godwin White & Gruber substituted in as counsel of record for Plaintiff in December, 2001, approximately 4 months after the expert designation deadline. Plaintiff's previous counsel , Joe Brown, was engaged in a hard-fought election campaign for the position of County Attorney for

Grayson County, Texas. Mr. Brown has indicated that he was operating under the belief that he had an agreement with opposing counsel that the discovery deadline would be extended. However, this agreement was never put in writing.

2.3     Godwin White & Gruber, P.C., despite its late substitution into the lawsuit, has made reasonable efforts to identify and designate expert witnesses in an expeditious fashion. In fact, Plaintiff provided Defendants with a preliminary expert report on money damages on February 12, 2001. Since that date, Defendants have made no effort to obtain any information about that report or to seek the deposition of the author of that report.

2.4     Furthermore, after designating the experts, Mr. Hurst presented a standing offer allowing Defendants to depose Plaintiff's expert witnesses at any time prior to trial. To date, Defendants have not responded.

### III.

3.1     In determining whether to allow the Plaintiff leave to designate her expert witnesses, "the trial court's discretion is to be guided by the consideration of four factors: (1) the importance of the witness' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness." *U.S. v. $9,041,598.68 (Nine Million Forty-One Thousand Five Hundred Ninety-Eight and 68/100)*, 163 F.3d 238, 252 (5th Cir. 1998).

3.2     The importance of the expert witness' testimony to the Plaintiff is apparent on its face. The Plaintiff's experts include a certified public accountant to testify as to her monetary damages, a psychologist to testify to her mental state, and her attorney to testify as to attorneys' fees.

Each of these experts will provide essential testimony as to the Plaintiff's damages and such testimony is necessary to assist the trier of fact in their deliberations.

3.3     The Defendants' arguments center around the "obvious and extreme prejudice" to which Plaintiff would be subjected. Def. Brief p. 2. Subsequent to the filing of Plaintiff's Motion for Leave to Designate Expert Witnesses and Brief in Support and Defendants' Expedited Motion to Strike Untimely Designation and Disclosure of Expert Witnesses and for Sanctions, this lawsuit was removed from the Court's trial docket and to date has not been reset. Insofar as this case is currently not set for trial and the fact that the experts are available for deposition, there is absolutely no prejudice to the Defendants in allowing the witness to testify. Likewise, removal of this case from the Court's docket has cured any prejudice that may have occurred. On the contrary, Plaintiff will be extremely prejudiced should her experts not be allowed to testify in that the jury will be deprived of essential and probative testimony which will assist the trier of fact in its deliberations.

3.4     Plaintiff's failure to timely designate her expert witnesses is rooted in the confusion surrounding the necessity for Plaintiff to substitute counsel. Plaintiff's previous counsel, Mr. Brown, was in the midst of a hard-fought election campaign which he eventually won. Mr. Brown's election mandated his withdrawal from the private practice of law. This period of time coincided with the transfer of this case from the Eastern District, Sherman Division to the Northern District, Dallas Division. During this time, Mr. Brown was operating under the impression that the discovery deadlines would be extended, especially in light of his campaign.  Mr. Brown failed to memorialize this impression in writing.  Plaintiff's substituted counsel, Godwin White & Gruber, P.C., had no reason to believe that the parties did not have an understanding regarding the August deadline and

therefore set out to identify and designate experts to testify regarding Plaintiff's damages and to assist the trier of fact.

IV.

4.1     As is indicated above, there was no conspiracy and, in light of the removal of this case from the Court's docket and the availability of Plaintiff's experts for deposition, Defendants are not prejudiced by allowing the experts to testify.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court deny Defendants' Expedited Motion to Strike Untimely Designation and Disclosure of Expert Witnesses and for Sanctions. Plaintiff also prays for such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

By: _____
Michael K. Hurst
State Bar No. 10316310
Mary A. Goodrich
State Bar No. 24002694

GODWIN, WHITE & GRUBER, P.C.
901 Main Street, Suite 2500
Dallas, TX 75202
(214) 939-4400
(214) 760-7332 - Fax
ATTORNEYS FOR PLAINTIFF,
ALYSSA WRIGHT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2001, a true and correct copy of Plaintiff's Response to Defendants' Expedited Motion to Strike Untimely Designation and Disclosure of Expert Witnesses and for Sanctions and Brief in Support has been served via certified mail, return receipt requested to all counsel of record listed below:

Ms. Rebecca Singer, Esq.
Burleson, Pate and Gibson
2414 Akard Street, Suite 700
Dallas, TX 75201
Attorneys for Defendants Blythe-
Nelson, Inc., Blythe-Nelson, Blythe-
Nelson Management Services,
L.L.P., Jeannette C. Bell, James L.
Blythe and Mart D. Nelson

Donna Morris
Morris & Morris
900 Parker Square, Suite 235
Flower Mound, TX 75028
Attorneys for Defendants Roger L.
Beck, Donald Chester, Suzanne
DeLarios, Linda S. Downs, William
L. Morgan, Alan Plott and Lynn
Poole

_____
Michael K. Hurst